[642 NYS2d 257]

In the Matter of HERNAN BONILLA, Appellant, v MARIA NARVAEZ, Respondent.

First Department, May 9, 1996

## APPEARANCES OF COUNSEL

*Hernan Bonilla,* New York City, appellant *pro se.*

### OPINION OF THE COURT

Nardelli, J.

The minor child Jose was taken by his mother, the respondent, from his father, the petitioner, with whom he had lived in New York for some years, after the father was arrested and extradited to Wisconsin to answer charges of custody interference which were dismissed by the Wisconsin courts. Almost immediately upon his return to New York, the father went to Family Court and filed a paternity petition and a custody petition, seeking, *inter alia,* the appointment of counsel. At that point, if the Family Court *had* acted upon the paternity petition, it would have had jurisdiction to consider the custody petition pursuant to Domestic Relations Law § 75-d

and petitioner would have been entitled to the assignment of counsel under Family Court Act § 262 (a) (v).

The Family Court erred when it failed to act, after the repeated defaults of the mother, upon the clear and convincing evidence of paternity presented by the petitioner. This is especially troubling in view of the allegations of the deficiencies of the respondent mother as contrasted with documentary evidence which showed that the father had assiduously acted in a caring and parental manner in enrolling Jose in school and seeking and attending conferences and in having the child receive inoculations, etc., during the previous four years in the State of New York.

Petitioner, who proceeds *pro se*, did not appeal this paternity determination of the Family Court because he was subsequently adjudicated the father of Jose in an order of filiation on September 11, 1995. He does appeal the dismissal of the custody proceeding in the Family Court and the Supreme Court.

■ When petitioner brought his custody proceeding in the Supreme Court nine months after the respondent mother had taken the child to Wisconsin, the State of New York was no longer the "child's home state within six months before commencement of such proceeding" (Domestic Relations Law § 75-d [1] [a] [ii]) and, therefore, the Supreme Court properly dismissed that proceeding.

■ However, the Family Court dismissed both of the petitions before it upon the "default" of the petitioner. While it is black-letter law that one may not appeal an order entered on default, in a subsequent order dated September 7, 1994, the Family Court denied petitioner's motion to vacate his default. We deem petitioner's appeal from the order dismissing the custody petition to include an appeal from the order denying vacatur of the default, and, therefore valid, in the interest of justice (*see,* CPLR 5520 [c]; *State of New York v Benjamin,* 90 AD2d 914).

■ The child Jose was born on September 17, 1987 in Wisconsin and was baptized a year later in that State. In October 1988, the parties and Jose moved to Puerto Rico, where, petitioner asserted, the respondent began disappearing from the home with a child by another father while insisting that respondent take care of Jose. In May 1989 when respondent had been gone for a week, the petitioner took his son to New York after leaving the address and phone number with respondent's relative. Petitioner asserts that respondent had

communication with them thereafter on a regular basis by telephone, and that he and Jose lived in New York until December 1993. In that month petitioner was arrested and extradited to Wisconsin to answer charges of custody interference filed by respondent and while he was in custody, the respondent mother removed Jose from New York. In February 1994 the criminal charge against petitioner was dismissed and petitioner returned to New York in March 1994 and immediately filed petitions for paternity and custody of Jose in the New York County Family Court. On March 25, 1994, the respondent failed to answer or appear, and after a Law Guardian was appointed for the child, the case was adjourned a number of times in order to give respondent additional opportunities to appear.

Thereafter, upon petitioner's single failure to appear, the Family Court dismissed the petitions. While this dismissal was predicated upon the ostensible default of the petitioner, there was an earlier indication by the Family Court in a "Memorandum of Law" that "a claim for child support constitutes a minimum contact with the State and is necessary in order for the Family Court to exercise personal jurisdiction over a nondomiciliary respondent" and concluded that the Family Court did *not* possess jurisdiction over the respondent mother residing in Wisconsin since petitioner did not request support for Jose in the paternity proceeding. This was a misstatement of fact. The "Petition for Paternity", sworn and dated March 1, 1994, contains a paragraph 8 in which the petitioner seeks an order requiring the respondent mother to show cause "why the court should not issue a declaration of paternity, *an order of support* and such other and further relief as may be appropriate under the circumstances" (emphasis added).

Moreover, the papers submitted by the petitioner in support of his petition showed by clear and convincing evidence that he was the father of the child Jose. The record before the Family Court contained a baptismal certificate listing petitioner as the father, the criminal complaint respondent obtained in Wisconsin again listed petitioner as the father, and the certified minutes of a hearing before a Court Commissioner in Wisconsin contain a judicial admission by the respondent that petitioner was the father of the child Jose. This, coupled with the repeated defaults by the respondent in appearing, should have sufficed for an adjudication of paternity.

Petitioner was not entitled to the assignment of counsel pursuant to Family Court Act § 262 (a) (v), requiring such assign-

ment in custody disputes over which the Family Court has jurisdiction, *absent* a finding of paternity. Family Court Act § 549 (a) reads, in pertinent part, "[i]f an order of filiation is made * * * the family court may make an order of custody or of visitation". Since petitioner's paternity petition was valid on its face and contained both a request for support and other relief which gave the court the long-arm jurisdiction necessary to adjudicate paternity, and further, since the supporting documents showed by clear and convincing evidence that petitioner was the natural father of Jose, upon the continued default of the respondent mother, the Family Court *should* have granted the paternity petition and appointed counsel for the father and then entertained the petition for custody since the State of New York "had been the child's home state within six months before commencement of such proceeding and the child [was] absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state" (Domestic Relations Law § 75-d [1] [a] [ii]).

Accordingly, the order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about March 30, 1995, dismissing petitioner's custody application, should be affirmed, without costs or disbursements. The orders of the Family Court, New York County (Sara Schechter, J.), entered on or about August 25, 1994, dismissing the custody and paternity petitions, and order, same court and Judge, entered on or about September 7, 1994, denying vacatur of the August 25, 1994 orders, should be reversed, on the law and the facts, and in the exercise of discretion, those orders vacated, the paternity petition granted nunc pro tunc, the assignment of counsel directed pursuant to Family Court Act § 262 (a) (v), and the matter remanded for a hearing in the Family Court on the custody issue, without costs or disbursements.

ROSENBERGER, J. P., WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered on or about March 30, 1995, dismissing petitioner's custody application, affirmed, without costs or disbursements, and orders of the Family Court, New York County, entered on or about August 25, 1994, dismissing the custody and paternity petitions, and order, same court and Judge, entered on or about September 7, 1994, denying vacatur of the August 25, 1994 orders, reversed, on the law and the facts and in the exercise of discretion, those orders vacated, the paternity petition

granted nunc pro tunc, the assignment of counsel directed pursuant to Family Court Act § 262 (a) (v), and the matter remanded for a hearing in the Family Court on the custody issue, without costs or disbursements.