Matter of Peter M. v Fezeka G.G. (2025 NY Slip Op 05573)

Matter of Peter M. v Fezeka G.G.

2025 NY Slip Op 05573

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ.

Docket No. V-14941/22|Appeal No. 4895|Case No. 2024-05408|

[*1]In the Matter of Peter M., Petitioner-Appellant,

v

Fezeka G.G., Respondent-Respondent.

Steven P. Forbes, Huntington, for appellant.

Carol L. Kahn, New York, respondent.

Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for child.

Order, Family Court, Bronx County (Michael A. Liddie, J.), entered on or about August 23, 2024, which granted respondent mother's motion to dismiss the petition for lack of subject matter jurisdiction over the proceeding, unanimously affirmed, without costs.

Family Court properly determined that the court lacked subject matter jurisdiction to decide the underlying custody/visitation petition, as New York was not the subject child's home state at the time the petition was filed for purposes of Domestic Relations Law § 76(1). Petitioner father failed to show that the child was living in this state for at least six consecutive months immediately before the commencement of this proceeding (see Domestic Relations Law §§ 75-a[7]) or that a New York court had previously issued an order regarding the child (see Domestic Relations Law § 76-a[1]). The father also does not dispute that his 2017 petitions for a writ of habeas corpus and for custody of the child were dismissed.

Furthermore, the mother's affidavit submitted in support of her motion to dismiss, as well as the school reports from the child's school, showed that the child began living with the mother in South Africa in November 2020, about 18 months before the father commenced this proceeding on May 13, 2022, and that the child remained in that country until November 14, 2023 (see Matter of Bonilla v Narvaez, 219 AD2d 158, 160 [1st Dept 1996]). The mother's affidavit also established that upon returning to the United States, she and the child relocated to Connecticut and that they were living in that state during the underlying proceeding.

Contrary to the father's contention, there is no evidence that the mother wrongfully removed the child from New York State, as the father submitted no evidence, such as an affidavit of a person with knowledge, challenging the mother's averment that he gave his permission for the child to live with her in South Africa (see Matter of Brett R. v Marla E.-R., 79 AD3d 506, 506 [1st Dept 2010]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 9, 2025